IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-00961-PAB-NYW

MICHELLE PEDERSON,

    Plaintiff,

v.

AMERICAN FAMILY INSURANCE,

    Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

Magistrate Judge Nina Y. Wang

    This matter having come before the Court on the Unopposed Motion for Protective Order, hereby finds and orders as follows:

    1.    In this action, both parties have previously sought and/or will seek Confidential Information. The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to the interests of the Parties. The Protective Order is entered for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

    2.    "Confidential Information" means any document certified by counsel as confidential based on a good faith belief that the information is confidential or otherwise entitled

to protection <u>under confidentiality or privacy protections recognized by rule, statute or common law</u> and labeled on each page of the document with the word "confidential". The term "document" is defined as provided in Fed. R. Civ. P. 34(a).

3. American Family Mutual Insurance Company may produce certain documents that it considers proprietary, confidential, and competitively sensitive and/or trade secrets of Defendant or its related entities or which implicate an individual's common law or statutory privacy interests.

4. Plaintiff may produce Plaintiffs' medical and other health care records during this litigation that contain Plaintiffs' social security numbers and private medical information.

5. All Confidential Information provided by a Party shall be subject to the following restrictions:

    a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b. It shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

        i. attorneys actively working on this case;

        ii. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

        iii. the parties, including designated representatives for the entity defendant;

        iv. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

  v.  the Court and its employees ("Court Personnel");

  vi.  stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

  vii.  deponents, witnesses, or potential witnesses; and

  viii.  other persons by written agreement of the parties.

  5.  Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

  6.  The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original agreements in the form of **Exhibit A** signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

  7.  During the pendency of this action, opposing counsel may upon court order or agreement of the parties, inspect the list maintained by counsel pursuant to paragraph 6 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

8. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

9. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information within fourteen days of the date of production. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within fourteen days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file the appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of the Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

10. Use of Confidential Information in Court Proceedings: ~~In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use.~~ Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2.

11. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

12. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

13. Upon termination of this litigation, including any appeals, each Party's counsel shall be responsible for the destruction of all Confidential Information provided to third parties subject to this Protective Order, and all electronic copies, PDF documents, extracts, abstracts, charts, summaries, notes or copies made therefrom.

14. Any request to restrict access must comply with the requirements of D.C.Colo.LCivR 7.2. Particularly, any documents containing Confidential information that are to be filed with the Court by either party must be filed as a restricted document in accordance with D.C.Colo.LCivR 7.2(D). The filing party must simultaneously give written notice to the opposing party when filing Confidential information. Any party may file a motion to restrict access in accordance with D.C.Colo.LCivR 7.2(D). ~~Confidential information filed with the Court or used in any court proceeding in connection with this action shall not lose its status through such use.~~ To the extent that the requirements of this paragraph are inconsistent with any applicable local rules concerning the filing of restricted documents, then the local rules shall govern.

15. The production of documents or information by the parties shall not constitute a waiver of any privilege, or claim or right of withholding, or confidentiality.

16. This Protective Order survives this case for the purpose of enforcement.

Dated this 19th day of November, 2015.

BY THE COURT:

s/Nina Y. Wang
_____
United States ~~District Court~~ Magistrate Judge

**COUNSEL FOR THE PLAINTIFF:**         **COUNSEL FOR THE DEFENDANT:**

*s/ James Pagano*                                               *s/ Jacquelyn S. Booker*
James Pagano                                                    Jacquelyn S. Booker
Cook & Pagano, P.C.                                        Sutton | Booker | P.C.
5390 Manhattan Circle, 2nd Floor                    4949 South Syracuse Street, Ste 520
Boulder, CO 80303                                             Denver, Colorado 80237

**Michelle Pederson v. American Family Mutual Insurance Company**
**No. 1:15-cv-00961-PAB**

**COMMITMENT OF QUALIFIED PERSON PURSUANT TO CONFIDENTIALITY AGREEMENT**

My full name is: ______________________________________________

My address is: ______________________________________________

My present employer is: ______________________________________________

My present occupation or job description is: ______________________________

I hereby affirm that:

1. I have received or reviewed documents stamped CONFIDENTIAL. I will not reproduce or transfer any of the documents I reviewed or received;

2. I have received and read a copy of the Stipulated Protective Order entered in the action entitled Michelle Pederson v. American Family Mutual Insurance Company, Case Number: No. 1:15-cv-00961-PAB-NYW;

3. I understand the terms and agree to be bound thereby. I will not disclose any information from the documents. I will use any such information only with respect to this case;

4. I will return all documents that come into my possession and all documents or things which I have prepared which contain such information to any attorney representing the party that has employed or retained me; and

5. I am aware that a violation of such an agreement may result in civil liability. I submit to the jurisdiction of this Court for the purposes of enforcement of the Protective Order.

DATED this_____day of____________, 2015.

By: ________________________________

**Exhibit A**